## HENRY P. IDE

*v.*

## ELIZABETH N. SAYER *et al.*

*Filed at Ottawa June 15, 1889.*

1. INSOLVENT DEBTORS—*jurisdiction—transfer of property prior to an assignment—jurisdiction to determine its validity—in the county court or in a court of chancery.* Where a failing or insolvent debtor, a few days before making an assignment for the benefit of creditors, conveys land to a third person in payment of a debt, the county court has no jurisdiction, on petition by the assignee, to declare such conveyance fraudulent, as being made in contemplation of making the assignment, and thus give his grantee an unauthorized preference. This can be done by proper parties only in a court of equity.

2. Whether a conveyance of land and a transfer of a draft or check by an insolvent debtor to another was made after the debtor had decided to make an assignment, and for the purpose of preferring the prior grantee to other creditors, is a question or issue triable only in a court having general equitable jurisdiction.

3. If an insolvent debtor, on the eve of making an assignment for the benefit of creditors, and after making up his mind to do so, should prefer one creditor by making a conveyance or transfer of property to him, and then assign his other property, the remedy must be sought by the creditor sought to be defrauded, by appropriate steps in a court of equity to enforce the equality contemplated by the statute.

4. SAME—*equitable jurisdiction of county courts.* County courts in this State have no general chancery powers, and none are conferred by the Assignment act. They may, however, exercise both legal and equitable powers to execute and carry out the provisions of that act.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. TENNEY, DRIGGS & HAWLEY, for the appellant:

If the statute had simply forbidden preferences and stopped there, a court of chancery would have been the only tribunal in which its provisions could be enforced; but it commits the custody of the property, and all questions regarding it, to the county court. The act being remedial, should receive a liberal construction. *Chicago* v. *Dunn,* 52 Ill. 260.

Section 8 of the act relating to assignments gives the county court power to administer upon the estate assigned, and to compel the delivery to the assignee of any property or estate embraced in the assignment. In construing the statute, this court has held that the county court has jurisdiction to try and determine claims of third persons to the property assigned; (*Hanchett* v. *Waterbury,* 115 Ill. 220;) claims by the assignee or creditors that apparent liens upon property in the hands of the assignee are in reality void, as being preferences, within the meaning of section 13 of the Assignment act; (*Freydendall* v. *Baldwin,* 103 Ill. 325; *Oil Co.* v. *Nat. Bank,* 126 id. 584; *Nat. Bank* v. *Rehm,* 126 id. 461;) that in the exercise of this jurisdiction it possesses both legal and equitable powers; (*Field* v. *Ridgely,* 116 Ill. 424;) and that its jurisdiction depends solely upon the question whether an assignment has in fact

been made, and not upon its validity as to creditors. *Farwell* v. *Crandall*, 120 Ill. 70.

A conveyance made in contemplation of an assigment, for the purpose of giving one creditor a preference, is void, as being within the meaning of the statute, and in fraud of its provisions. *Preston* v. *Spaulding*, 120 Ill. 208; *Oil Co.* v. *Nat. Bank*, 126 id. 584; *Nat. Bank* v. *Rehm*, id. 461.

Mr. F. H. TRUDE, for the appellees:

When a creditor of a failing debtor demands payment or a transfer of property to secure a debt, and the debtor upon such demand executes to said creditor such transfer of property, the creditor would take such property free from any claim of preference, even though the debtor immediately thereafter made an assignment. *Preston* v. *Spaulding*, 18 Bradw. 557.

An assignment under the insolvent laws of one State can pass no title to real estate situate in another State. Burrell on Assignment, 458, 459; Bishop on Insolvent Debtors, sec. 258; *Hutchinson* v. *Pershine*, 16 N. Y. 167; *Rhawn* v. *Pearce*, 110 Ill. 350; *May* v. *Bank*, 122 id. 551; *Haywood* v. *Collins*, 60 id. 328; Hawes on Jurisdiction of Courts, 87.

Waiver and pleading to the merits can not confer jurisdiction upon a court where none is conferred by law. Hawes on Jurisdiction of Courts, secs. 10-12.

As to the construction of statutes, see *Steere* v. *Brownell*, 124 Ill. 27.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 30th of April, 1886, appellee James P. Sayer made an assignment, under the statute, for the benefit of his creditors, naming appellant as his assignee. On the 28th and 29th of the same month he had conveyed and transferred to his mother, Elizabeth N. Sayer, certain real estate in Dakota and Minnesota, a bank check, and several promissory notes.

On the 28th of the following May, appellant filed his petition in the county court of Cook county, praying that said Elizabeth N. Sayer be compelled to deliver up to him said notes and draft, and convey to him the said real estate, and that she be enjoined from transferring or encumbering any part of said property. The prayer of the petition is based upon the allegations that the transfers were made for the purpose of creating a preference in favor of Elizabeth N. Sayer over other creditors; that they were made in contemplation of the assignment which James P. Sayer then intended to make, and as a part thereof; that they were so made with the knowledge of said Elizabeth N. Sayer; that said transfers and said assignment were parts of one and the same transaction, and constituted, and were intended to constitute, an assignment with preferences, contrary to the statute. These allegations were denied by the answers of both James P. and Elizabeth N., except as to the conveyance and transfer of said property, which they admit, and aver that they were made in good faith, in payment of a *bona fide* indebtedness, and not in contemplation of an assignment. Both answers reserve all right of exception to the petition.

The county court found the facts in favor of appellant, and granted the prayer of the petition. On appeal, the circuit court of Cook county held that the county court had no jurisdiction of the subject matter of the cause, and reversed and remanded, with directions to the county court to dismiss the petition, instead of making a final order to that effect in that court. On appeal from the order of reversal to the Appellate Court, the judgment of the circuit court as to the jurisdiction in the county court was sustained, but it was held that it was error to reverse and remand the cause. The judgment of the circuit court was for that error reversed, and the cause remanded to the circuit court, with directions to dismiss the petition at the cost of petitioner, and treating the reversal as a matter of form, only, Elizabeth N. Sayer was allowed her

costs in that court.  From that judgment of the Appellate Court appellant again appeals.

The principal question involved in the case is, had the county court jurisdiction of the subject matter of the cause? It is not pretended that the property sued for was expressly included in the assignment, nor that it was in the possession of the debtor at the time the assignment was made or when this petition was filed.  On the contrary, the petition shows that prior to the assignment the legal title had been vested in Elizabeth N. Sayer, by deeds of conveyance, and the delivery of the notes and check.

The theory upon which the jurisdiction is sought to be sustained may be thus stated:  The property in question was transferred after the debtor had decided to make an assignment, for the purpose of evading the statute forbidding preferences.  The transfer of property by a debtor under such circumstances, and the assignment, constitute, in law, but one transaction, and are to be treated as an assignment with preferences.  Therefore, this property is a part of the assigned estate.

The argument of counsel is addressed to the second of the above premises, which being established and the conclusion reached, it is contended, that the property in question being thus embraced within the assignment, jurisdiction is given to the county court to administer upon it, by chapter 10 of the Revised Statutes, with power, under section 8, to compel conveyance of the land, and delivery of the notes and check to the assignee.  The fallacy of the argument consists in assuming the first proposition.  The very issue tendered by the petition and accepted by the answer is, were the conveyances and transfer made after James P. Sayer had decided to make an assignment, and for the purpose of preferring his mother to other creditors; and the question here is, did the county court have jurisdiction to try that issue.  That it is an issue triable only in a court of equitable jurisdiction, must be conceded.

That county courts in this State have no general chancery powers, must also be admitted. That none are conferred by the Assignment act, (Rev. Stat. chap. 10,) is settled by *Preston et al.* v. *Spaulding et al.* 120 Ill. 208. That they may exercise both legal and equitable powers to execute and carry out the provisions of the act, under section 14, is clear, upon principle, and so decided in this court. But appellant is seeking to invoke equitable jurisdiction, not over the assigned estate, the assignee, debtor, creditor, or persons claiming the property expressly assigned, but he asks the county court to bring before it a stranger to the assignment proceedings, and compel her to contest in that court her right to ownership to property to which neither the legal title nor possession is claimed to have passed to the assignee by the deed of assignment. In other words, the county court is here asked, not to carry out the provisions of the Assignment act, but to set aside fraudulent conveyances and transfers of property by the debtor to a third party, and bring the property into the assigned estate, that it may be administered upon. This could only be done by proper parties, in a court of equity. (*Preston et al.* v. *Spaulding et al. supra.*) In *White et al.* v. *Cotzhausen,* 129 U. S. 329, it is held, that in such case the remedy must be sought by a creditor by "appropriate steps in a court of equity, to enforce the equality contemplated by the statute." And in *Boulton* v. *Dement et al.* 123 Ill. 143, we held that the right to question such conveyances and transfers belongs to the creditor not preferred, and the remedy is to him, and not to the assignee. To the same effect is *White et al.* v. *Cotzhausen, supra.* It would scarcely be contended that a creditor could enforce that right in a county court.

The judgment of the Appellate Court is in harmony with the decisions of this court heretofore rendered, and is in all respects affirmed.

*Judgment affirmed.*