1:35 LRA291n

153 361
63a 86
66a 622

OSCAR D. WETHERELL, Assignee,

*v.*

THIRTY-FIRST STREET BUILDING AND LOAN ASSOCIATION.

*Filed at Ottawa November 27, 1894.*

1. BUILDING AND LOAN ASSOCIATIONS—*construction of by-law restricting transfer of stock.* A by-law of a building and loan association which provides that "no share (of stock) shall be transferred while any * * * due of any kind against the owner thereof may remain unpaid," creates a lien in favor of the association for the indebtedness due against the shareholder, which, in case of his insolvency, is available against his assignee.

2. SAME—*right of set-off against an assignee.* Under such by-law the association may, in an action by the assignee of an insolvent member for the withdrawal value of shares, set off an amount which the association had on deposit with the assignor, as a banker, at the time of his assignment.

3. SAME—*assignee of shares not transferred is the "owner."* The secretary of such an association is the "owner" of stock, within the meaning of such by-law, if he has purchased it from others, although he has failed, as secretary, to make transfer of such stock on the books.

4. SAME—*rights of an assignee under a withdrawal notice.* The giving of a withdrawal notice, under the by-laws, by the assignee of an insolvent shareholder, creates no new right against the association in the assignee, but is merely a mode of enforcing a claim existing prior to giving such notice.

5. INSOLVENCY—*as affecting right of set-off in county court.* A county court, administering upon insolvent estates, applies equitable principles, and insolvency of one party is in equity a strong incentive to the application of the principle of set-off.

*Thirty-first Street Building and Loan Association* v. *Wetherell,* 43 Ill. App. 509, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. E. L. BARBER, and Messrs. FLOWER, SMITH & MUSGRAVE, for the appellant:

No right of action upon his stock exists in favor of a stockholder. Endlich on Building Ass. secs. 444, 445, 450.

Under the statute and the charter, a stockholder has the right to sever his relations with the corporation by giving notice of withdrawal, and thereupon, and not before, and not otherwise, he is entitled to the withdrawal value of his stock, and becomes a creditor of the corporation. He may elect to make the company his creditor, but the company cannot compel him to become its debtor and force his withdrawal. Endlich on Building Ass. secs. 127, 136; Am. & Eng. Ency. of Law, 624, 625, and notes; *Armitage* v. *Walker,* 26 L. T. R. 182; *Miller* v. *Building Ass.* 50 Pa. St. 32; *Building and Loan Ass.* v. *Silverman,* 85 id. 394.

A borrower, who has pledged his stock as security to a building association, may terminate his loan at any time, under the charter, and apply such stock to the discharge of such debt, and his assignee has the same right. Such request is, in effect, a tender, and stops all liability for interest on the debt or future dues upon the stock.

Endlich on Building Ass. secs. 178, 377, 430, 453, and note ; *Henighausen* v. *Tischer,* 50 Md. 583 ; *Spring, etc. Ass.* v. *Building Ass.* 46 Pa. St. 493 ; *Early's Appeal,* 89 id. 411.

The right of set-off must be mutual. The relation between the parties must be that of debtor and creditor. If the debts sought to be set off accrued to the assignee, as such, after his appointment, they cannot be set off as against a debt due from the assignor prior to the assignment. *Scammon* v. *Kimball,* 5 Biss. 443 ; *Newhall* v. *Turney,* 14 Ill. 341; *Harding* v. *Shepard,* 107 id. 264.

The rule seems to be, that where a person receives a certificate of stock, in pursuance of a by-law of the corporation which prescribes that the same shall not be transferred until all debts, penalties and dues against the shareholder shall have been paid, he is bound by such rule, and must conform thereto. 2 Beach on Private Corp. sec. 646.

Ownership, simply, of a certificate of stock in a corporation, does not constitute the owner a stockholder. It requires the transfer of the stock to him upon the books of the corporation. *Helm* v. *Swiggett,* 12 Ind. 194.

Messrs. ALDRICH, PAYNE & WASHBURN, for the appellee :

County courts, in administering insolvent estates, act upon equitable principles, and afford relief such as a court of chancery might give. *Freydendall* v. *Baldwin,* 103 Ill. 325.

Courts of equity are peculiarly adapted to the administration of the law of set-off, and had adopted this equitable remedy as a rule of practice long before it received legislative sanction or became admissible in courts of law, and insolvency of one of the parties is the strongest incentive to the exercise of such equitable jurisdiction. *Chapman* v. *Derby,* 2 Vern. 117; *Hawkins* v. *Freeman,* 8 Viner's Abr. 560 ; *Railroad Co.* v. *Field,* 86 Ill. 270 ; *Graves* v. *Hull,* 27 Miss. 419 ; *Brazelton* v. *Brooks,* 2 Head, 194.

Courts of equity follow the law in allowing or refusing set-offs, qualified by the rule that special circumstances may control the equity.    *Hitchcock* v. *Rollo*, 3 Biss. 287; 2 Story's Eq. Jur. sec. 1437.

As to right of set-off against insolvent estate, see *Fennell* v. *Nesbit*, 16 B. Mon. 351; *In re Van Allen*, 37 Barb. 225 ; *Colt* v. *Brown*, 12 Gray, 233 ; *Bank* v. *Wahl*, 56 Me. 167.

Statutes of set-off are considered beneficial acts, and should be liberally construed.    *Burgess* v. *Tucker*, 5 Johns. 105 ; *Good* v. *Good*, 5 Watts, 116 ; *Thompson* v. *Congdon*, 43 Vt. 396; *Chamboret* v. *Cagney*, 10 Abb. (N. S.) 31; *Temple* v. *Scott*, 3 Minn. 419 ; *Lindsay* v. *Jackson*, 2 Paige, 581; *Myers* v. *Davis*, 22 N. Y. 489 ; *Bradley* v. *Angel*, 3 id. 475 ; *Jones* v. *Robinson*, 26 Barb. 310.

Insolvency of one party is additional ground for allowance of set-off.    *Bonaud* v. *Sorrell*, 21 Ga. 108 ; *Gunn* v. *Scoville*, 5 Day, 113 ; *Jordan* v. *Jordan*, 12 Ga. 77; Story's Eq. Jur. 1434, 1435 ; *Carey* v. *Lewis*, 24 Ind. 23 ; *Gay* v. *Gay*, 10 Paige, 369 ; *White* v. *Wiggins*, 32 Ala. 424; *Simpson* v. *Hart*, 14 Johns. 63 ; *Hale* v. *Holmes*, 8 Mich. 37; *Field* v. *Oliver*, 43 Mo. 200 ; *Makeham* v. *Crowe*, 15 C. B. 847; *Pond* v. *Smith*, 4 Conn. 297; *Howe* v. *Sheppard*, 2 Sumn. 133 ; *Railway Co.* v. *Rhodes*, 8 Ala. 206.

Section 2, article 17, of the by-laws, reads as follows : "But no share shall be transferred while any debt, penalty or due of any kind, against the owner thereof, may remain unpaid."    The effect of such a by-law, if valid, is clearly to give a general lien on the stock for all indebtedness.    Angell & Ames on Corp. sec. 355.

Such a by-law has been upheld in numerous cases. *McDowell* v. *Bank*, 1 Harr. 27; *Insurance Co.* v. *Goodfellow*, 9 Mo. 149 ; *Tuttle* v. *Walton*, 1 Ga. 43.

The statute authorizes the shareholders to adopt by-laws, which are required to be filed in the office of the Secretary of State.    Act of 1879, secs. 2, 3.

Mr. JUSTICE BAKER delivered the opinion of the court :

Appellant is the assignee of Melville T. Roberts, whose assets are being administered under the direction of the county court of Cook county.   Roberts did business as a private banker, under the name of Thirty-first Street Bank.   He was the banker of the Thirty-first Street Building and Loan Association, and at the time of his assignment he was indebted to the association in the sum of $10,325.90, which it had on deposit with him as a banker. He was also a stockholder in the association, and its secretary, and as such secretary had charge of all its books. He was the owner of a considerable number of its shares of stock, and of these shares of stock 1017 shares were pledged to the association to secure $18,423 which he had borrowed from it.   He also held 655 other shares of the stock, and 60 of these shares stood in his own name on the books of the association, and the remaining 595 shares he had purchased from different persons, and they had been assigned to him but not transferred on the books. The assignee demanded an adjustment of the loan of $18,423, and also the withdrawal value of the shares of stock not pledged.   The sum of $771.55 was the surplus of the withdrawal value of the 1017 shares pledged, over and above the loan upon them, and $10,530.37 was the withdrawal value of the 655 shares not pledged.

The claim of the association was and is, the right to set off against the withdrawal value of $10,530.37 the sum of $10,325.90, which it had on deposit with Roberts at the time he made his assignment for the benefit of creditors.   The contention of the assignee is, that in respect to the amount of that deposit the association must come in along with the general creditors and receive dividends only.

The assignee stands in the shoes of the assignor.   (*Ide* v. *Sayer*, 129 Ill. 230.)   The statute under which the building and loan association (appellee herein) was organized, authorized it to adopt by-laws.   (Laws of 1879, p. 83.)

These by-laws, if not repugnant to the law of the State, bound all the members of the association. (Angell & Ames on Corp. sec. 325.) One of the by-laws of this association was as follows : "But no share shall be transferred while any debt, penalty or due of any kind, against the owner thereof, may remain unpaid." The effect of such a by-law as this is to create a lien in favor of the corporation for the indebtedness due it, as against the shareholder, and so, of course, as against one who merely stands in his shoes. 2 Morse on Banks, sec. 698 ; 1 Morawetz on Corp. sec. 201.

It is urged by the assignee, that as the withdrawal took place after the assignment, a new right was created in his favor, as assignee, and one which was not subject to set-off in favor of a money demand against the insolvent assignor accruing prior to the assignment. This claim ignores the marked difference that exists between stock in a building and loan association organized under our statute, and stock in an ordinary corporation. The capital stock of an ordinary corporation is subscribed and paid for when it begins its existence, and the moneys paid therefor are a permanent fund for carrying on its operations. The stockholder has no claim on the corporation for the cash value of his shares, and no right to convert such shares into a money demand against the corporation. But a share of stock in a building and loan association is paid for in small installments, and when the payments upon the share, together with its proportion of earned profits, amount to the par value of the share, then such share is payable in money out of the treasury of the association. In respect to every share of stock the time must come when it is payable in money by the association,—when there is a right to demand from it money in lieu of stock ; and under the statute and the by-laws of appellee there was a right to withdraw from the association at any time, upon proper notice, and demand and receive from it the withdrawal value of the stock.

The duty of appellant, as assignee, was confined to converting the property assigned to him into money, and distributing the proceeds among the creditors according to their respective rights. That which he did by way of withdrawal from the association was not the creation of a new right in him, as assignee, but was a mere mode of disposing of and realizing upon the property and assets that had been assigned to him. The stock was, prior to the notice of withdrawal, a money demand, in substance and in fact, and the effect of the withdrawal was to expedite the time of payment, and fix the amount due.

Statutes of set-off are remedial and beneficial acts, and are to be liberally construed. A county court, in administering upon the estate of an insolvent, acts upon equitable principles, and will afford such relief as a court of chancery would give; and the insolvency of one of the parties is a strong incentive, in a court of equity, to induce the application of the principle of set-off. Here the shares of stock were demands which must, in their nature, terminate in debts, and were therefore proper subjects to which to apply the law of set-off.

Five hundred and ninety-five of the shares of stock purchased by Roberts from other parties had not, at the time of the assignment, been transferred to him on the stock books of the association. They had, however, been assigned to him, and he was the actual and beneficial owner of them. Roberts was the secretary of the association, and, as such, had charge of its books, and it was his duty, when he bought the stock, to transfer it on the books, and he having failed, through either negligence or fraud, to perform this duty, neither he nor the assignee, who stands in his shoes, should now be allowed to profit by such failure to perform his duty. And it is utterly inconsistent that appellant should now contend that, for the purpose of passing title to him, Roberts was the owner of the stock, but was not the owner of the stock for the purposes contemplated by the by-law which

we have above quoted. Roberts having been, as already stated, the actual and beneficial owner of the shares, we think that in a court exercising equitable jurisdiction, and under the circumstances of the case before us, he should be held to have been "the owner" of the shares, within the meaning of the by-law creating a lien in favor of the association for all indebtedness due it from such owner, as against such owner or his voluntary assignee.

The Appellate Court held that the association was entitled to set off the deposit of $10,325.90 against the withdrawal value of the stock, and it reversed the decree of the county court, and remanded the cause to the county court with directions. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*