## Joseph Taylor v. Marshall W. Weir, Assignee of Henry Seiter, lately doing business under the name of H. Seiter & Co.

1. SET-OFF—*In Voluntary Assignments.*—A creditor of an insolvent banker can not set off an immatured certificate of deposit issued by such banker, in an action against him by the assignee.

2. SAME—*Right not Given by the Statute.*—Section 10 of the act of 1877 concerning voluntary assignments, providing that "any creditor may claim debts to become due as well as debts due, but in debts not due a reasonable abatement shall be made when the same are not drawing interest," gives no right of set-off where the claim was not due at the time of assignment.

Assumpsit.—Common counts. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

WILLIAM A. RODENBERG, JAMES A. FARMER and FRANK PERRIN, attorneys for appellant.

"An assignment of debts due is subject to the debtor's claim of set-off of a debt not yet due." Fry v. Boyd, 3 Gratt. (Va.) 73.

"An equitable set-off existing against a bank when it stops payment is allowable, whether the debt is then payable or becomes due afterward." In re Middle Dist. Bank, 9 Cow. (N. Y.) 413.

"The amount of a partnership deposit with an insolvent banker is a proper subject of set-off in an action brought by the assignee in trust for the creditors of such banker, on a note held by the banker, although such note was not due at the time of the assignment." Smith et al. v. Felton et al., 43 N. Y. 419.

"A plaintiff holding a payable demand against the defendants, could set it off against a note which the insolvent defendant held against him, although such latter note was yet due." Keightly v. Walls, 27 Ind. 384; Snyder's Sons Co. v. Armstrong, 37 Fed. Rep. 18.

Taylor v. Weir.

Under the bankruptcy law a claim for purposes of set-off need not be a debt due and payable before bankruptcy. 22 Am. & Eng. Ency. of Law, 259.

TURNER & HOLDER, attorneys for appellee.

Only such demands as constitute a subsisting cause of action can be set off; nothing can be pleaded as a set-off on which a separate action can not be maintained. 22 Am. & Eng. Ency. of Law, 267.

The claim sought to be set off must be one which can be recovered in an action in the same court. Ibid. 273.

A demand, in order that it may be set off, must not only be due at the time when the action is brought, but it must continue due until pleaded and at the time of trial. Ibid. 278.

Where no right of set-off exists when an assignment by an insolvent debtor for the benefit of creditors is made, it can not arise afterward in favor of one indebted to the insolvent estate who is also a creditor. Burrill on Assignments (6th Ed.), 499; Lockwood v. Beckwith, 6 Mich. 168; 72 Am. Dec. 69; 7 Wait's Actions and Defenses, 480, Sec. 6; 8 Wait's Actions and Defenses, 205, 206; Oatman v. Batavia Bank, 77 Wis. 501; 20 Am. St. R. 136; Fuller v. Steiglitz, 27 Ohio State 355; 22 Am. R. 312; Kelly v. Garrett, 1 Gilm. 649; Ryan v. Barger, 16 Ill. 28; Ellis v. Cothran, 117 Ill. 458; Fera v. Wickham et al., 135 N. Y. 223.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The question presented for consideration arises from the action of the court in overruling the demurrer to the third and fifth replications to appellant's plea of set-off. Appellant undertook to set off certain unmatured certificates of deposit in an action by appellee, and the court held that a party sued by an assignee under the voluntary assignment law, for moneys due the assignor at the time of the assignment, can not set off against the plaintiff's demand a claim not due by its terms at the time of the assignment. But it

is argued that the statute matures all claims against the insolvent debtor's estate as soon as the assignment is made, and that, inasmuch as a claim not due by its terms may, nay, must be presented for allowance within the time fixed by the statute, the same claim, thus matured by the operation of the statute, may be set off against the plaintiff's demand in an action brought by the assignee.

The whole argument of appellant is based upon this construction of the statute, and amounts to a concession that, independently of the statute, the right of set-off would not exist. In view of the authorities on the subject, no other position could reasonably be taken.

In Burrill on Assignments (5th Ed.), Sec. 403, it is said : " It has already been said that an assignee for the benefit of creditors takes the property of the assignor subject to all existing equities. The equities need not exist at the inception of the debt. It is sufficient if they exist prior to the assignment. A claim acquired after the assignment can not be set off against the assignee; nor a liability existing, but not due at the time of the assignment, even if it becomes due before the suit was commenced."

In Oatman v. Batavia Bank, 77 Wis. 501, it was decided that a note held by a bank, but not due at the date of an assignment for the benefit of creditors, is not a proper set-off against the assignor's deposits in a suit for such deposits brought by the assignee.

Among other authorities announcing the same rule of law are the following: Hicks v. McGorty, 2 Duer 295; Martin v. Kunzmuller, 37 N. Y. 396; Neal v. Lea, 64 N. C. 678; Lockwood v. Beckwith, 6 Mich. 168.

Another case, directly in point, is Fera v. Wickham et al., 135 N. Y. 223, decided in 1892. The first part of the opinion is a review of the decisions of the New York courts bearing on the question, for the purpose of harmonizing former decisions with the present one and of preparing the way for a definite formulation of the law. Then Mr. Justice Gray, speaking for an undivided court, says:

" I think the logical and natural extension of the principle

Taylor v. Weir.

of the decision in Myers v. Davis is authoritative in the decision of the present case. The right of set-off must attach at the time of the making of the assignment. It can not arise afterward, for the reason that the claim in favor of the estate has passed to the assignee, and to allow a set-off would be to the prejudice of other creditors. I think the principle to which we should adhere is this: When a party asks to have set off against a demand upon him held by an assignee for the benefit of creditors, a claim against the insolvent estate, it will be allowed, provided his was a claim upon the estate due when the assignment was made; upon the ground that, by reason of the existence of cross-demands at the time of the assignment, which were due (or might have become due at the creditor's election), an equitable adjustment by set-off is made without interfering with the equities of others. But after the estate has passed to an assignee upon a trust to hold for and to distribute among creditors, the former and natural equity disappears in superior equities vesting in the general body of creditors. They are then interested in having equality of distribution, and if a creditor who, when the assignment was made, had no right to any set-off, may be allowed a set-off afterward, he gains a preference. By the intervention of the rights of third persons under the assignment, the equities change with the change in the situation of the original parties; to the misfortune of the creditor holding the demand against the insolvent estate, but nevertheless in accordance with equitable principles, as I deduce them from the decisions."

There are some decisions which take a different view of the law from that above announced; but we are inclined to follow Fera v. Wickham, as supported by cogent reasoning and the weight of authority.

It remains to be seen, then, whether or not the tenth section of the act concerning voluntary assignments modifies or changes the law. This section reads as follows:

" That any creditor may claim debts to become due, as well as debts due, but on debts not due a reasonable abatement shall be made when the same are drawing interest, and

all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the County Court."

Now it is said that the statute allowing a claim not due to be presented against the insolvent debtor's estate, matures the claim for all purposes, so that it is to be treated as a shield as well as a sword. In other words, it is argued that if the claimant can sue upon his claim before it becomes due by its terms, he can use the claim as a set-off in an action against him by the assignee.

No decision of the Supreme Court, or of any Appellate Court of this State, has been referred to as giving a construction of this statute with reference to the questions now before us. The case of Wetherell v. Building and Loan Association, 153 Ill. 361, is not in point. In that case, the deposits of the appellee in the bank, which were allowed to be set off against the demands of the bank's assignee, were due at the time of the assignment, and the section of the voluntary assignment act, above quoted, was not commented upon or construed.

The statute does not say that the debt becomes due by virtue of the assignment, or at the time of the assignment, but it confers a right or privilege upon the holder of an unmatured claim which he would not have enjoyed if the insolvent debtor had made no assignment. The claimant is not authorized to sue the assignee in any court as soon as the assignment is made, but he is given the right to participate in the dividends of the insolvent debtor's estate upon filing his claim within three months after the publication of notice in the manner required by the statute. The maturity of the claim is hastened for one purpose only, and that is to allow the claimant to have a *pro rata* part of the assets, and not to allow him to obtain an advantage over the other creditors. When sued by the assignee, he might well be permitted to set off a claim due at the time of the assignment, for in such case, only the balance due the assignor would have

passed to the assignee by the assignment. But the statute gives no right of set-off when the claim was not due at the time of the assignment. In such case the claimant must take his place with the other creditors, and content himself with his share of the assets.

But it is argued that there is a striking analogy between the administration act and the insolvent debtor's act with reference to hastening the maturity of claims by operation of the statute, and that the decisions of the Supreme Court under the administration act, if followed here, are decisive of the question under consideration.

Two cases are cited. In Peacock v. Haven et al., 22 Ill. 23, the plea of set off shows that the claims were due before and at the time of the death of the deceased. It was held that if an administrator sues after the two years for filing claims have expired, the defendant may set off an amount due him for which he did not file a claim within the two years, and, if he recovers a balance, he may have the same satisfied out of subsequently discovered assets. In the other case, Hall v. Hoxsey et al., 84 Ill. 616, no question of set-off was before the court. It was held that, under the statute, notes or other demands not due might be allowed against the estate of a deceased person on making a proper rebate of interest. In such case the claim would not be paid in full if the estate should prove insolvent. But under the law, as contended for by appellant, claims not due would be paid in full by way of set-off to the injury of other creditors.

If the Supreme Court has held that claims not due may be allowed as a set off in an action by the administrator of an insolvent estate, the case has not been cited for our consideration. It has been held, however, that in an action to recover a demand accruing to an administrator after the death of the intestate, the defendant can not set off a debt due to him from the intestate in his lifetime. Newhall v. Turney, 14 Ill. 338; Harding v. Shepard et al., 107 Id. 264. In Newhall v. Turney, it is said: "To allow this to be done would interfere with the proper order of distribution.

It would enable a debtor of an insolvent estate to obtain an unjust advantage. He might, in such case, purchase demands against the estate at a discount, and obtain credit for their full amount on a note given for property purchased at the administrator's sale. Such a course would be in express violation of the statute, which requires the assets of an insolvent estate to be distributed *pro rata* among the creditors."

But it is not necessary to protract the argument. The decisions under the administration act tend to sustain, rather than weaken our conclusion that the demurrer to the replications in this case was properly overruled. Let it be observed, also, that there is this difference between the estate of a deceased person and that of an insolvent debtor: the former may or may not be insolvent, but the latter is always insolvent. The very object of an assignment for the benefit of creditors is to hold the creditors in check, to ward off summonses and attachment writs by which preferences would be secured and property sacrificed, and to preserve the assets in the hands of one who represents the assignor, and yet holds the property to a certain extent in trust for an impartial distribution thereof among claimants. And so we hold that the statute allowing a claim not due to be filed against the insolvent debtor's estate does not mature the claim for all purposes, but only to enable the claimant to have a participation in the *pro rata* distribution of the assets. The judgment is affirmed.