| 66 | 621 |
| 179s | 524 |

## Mechanics and Traders Savings, Loan and Building Association of Chicago, and Henry Hudson, Trustee, v. Frank C. Vierling, Margaret Vierling, L. F. Cummings, John B. Clark and Lincoln National Bank.

1. BUILDING ASSOCIATIONS—*By-Laws, When Binding on Members.* —By-laws of a building association not repugnant to the laws of the State, are binding upon the members.

2. CONTRACTS.—*Not Forbidden By Law, Will Be Enforced as Made.* —Courts may not declare oppressive, terms sanctioned by legislation, and where parties *sui juris* and *compos mentis* enter into contracts sanctioned by law, they must abide by such contracts.

Foreclosure Proceedings.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 30, 1896.

BOWEN W. SCHUMACHER, attorney for appellants.

POPE & SMALL, attorneys for appellees Frank C. Vierling and Margaret Vierling.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee Frank C. Vierling was a holder of stock in, and a borrower from, the association, which is a corpora-

tion under " An act to enable associations of persons to become a body corporate, to raise funds to be loaned only among their members," approved April 4, 1872. The second section of the act provided that " as soon as 100 shares or more of the capital stock shall be subscribed, the commissioners shall convene a meeting of the subscribers for the purpose of electing directors, adopting a charter and by-laws," and other business.

Two by-laws of this association are as follows:

" Section 1. Every member who shall neglect to pay his or her installments at the time they may become due, shall pay to the association a fine of ten cents per share for each installment past due.

Section 2. Every borrowing member who shall neglect to pay the interest on his loan when the same may become due, shall pay to the association a fine of twenty-five cents for each share of stock on which he may have obtained a loan."

By-laws not repugnant to the law of the State, bind the members. Wetherell v. Building and Loan Ass'n, 153 Ill. 361.

Vierling held forty shares in the twenty-ninth series, and had borrowed $4,000. He was much in default upon his installment payments on his stock, which were fifty cents monthly on each share, and upon his interest, which was $26.66 monthly.

August 17, 1891, the association passed a resolution as follows:

" On motion, the officers were directed to pay $100 for each share in the twenty-ninth series on which $53 installments have been paid, and the trustee is hereby authorized to release all loans secured for the twenty-ninth series, upon payment of all dues and interest and fines up to the present month."

The bill in this case is filed to foreclose the trust deeds in the nature of mortgages given by Vierling and his wife to secure the loans, and the contest is as to how the account shall be stated.

We hold that it is to be stated in accordance with the by-

laws and the resolution of August 17, 1891—that is, charge him with all dues unpaid, of fifty cents per month upon each share of his stock, all monthly unpaid installments of interest of $26.66 each, and all fines incurred by him under either by-law quoted, whether such fines shall have been charged up on the books or not; making a new principal as of August 17, 1891, upon which interest is to be charged at the rate of five per cent per annum up to the date of a decree.

To that is to be added taxes paid by the association, with interest thereon at eight per cent per annum, as provided by the trust deeds; and also the solicitor's fee of $250, which the court allowed. Such payments as have been made since August 17, 1891, are to be credited in the manner the court pursued in arriving at the decree appealed from.

The total thus found to be the amount for which a decree is to be entered, as both trust deeds are upon the same premises.

In any contest between a building society and a stockholder and borrower, more questions can be presented than can be discussed in a volume, and we must content ourselves with stating results.

But the result is not oppressive to the borrower, beyond the limit of the law as to such associations.

The act under which the association was organized, provided, in section 6, that " Every share of stock shall be subject to a lien for the payment of unpaid installments and other charges incurred thereon under the provisions of the charter and by-laws; and the by-laws may prescribe the form and manner of enforcing such lien."

Section 8 provided that " In case of non-payment of installments or interest by borrowing stockholders for the space of six months, payment of principal and interest, without deducting the premium paid or interest thereon, may be enforced by proceeding against their securities, according to law." And section 10, that " No premiums, fines, or interest on such premiums, that may accrue to the said

corporation, according to the provisions of this act, shall be deemed usurious, and the same may be collected as other debts of like amount may be collected by law in this State." When parties *sui juris* and *compos mentis* enter into contracts sanctioned by law, they must abide by such contracts. The unpaid dues or installments upon shares, and for interest, and fines for non-payment, exceeded, on August 17, 1891, all that the borrower had paid.    Section 4, Art. 13 of the by-laws is that " Whenever fines and installments in arrears shall amount to the sum equal to the aggregate of installments paid to the association, the stock on which said fines and arrears may have accrued may be declared forfeited to the association by the board of directors, and the owner thereof shall cease to be a member of the association."

And the notes provided that " In case the said installments, or either of them, or said monthly interest, or any part thereof, shall remain unpaid for the space of six months after the same shall have become due and payable, in accordance herewith and with the rules and by-laws of said association, then the whole amount of said principal and interest, without deducting the premium paid or interest thereon, shall become due and payable, and may be enforced against me and my securities herein, according to law."

The trust deeds had similar provisions.

The account stated, as we have indicated, is more favorable to the appellee Frank C. Vierling than the statute and by-laws would warrant the association to insist upon, but it conforms to the privilege given him by the resolution of August 17, 1891.

Courts may not declare oppressive, terms sanctioned by legislation.

The decree is reversed and the cause remanded, with directions to state the account in the manner hereinbefore stated, and enter a decree of foreclosure thereon.