## Theodore Podolski v. Sol. Friedman & Co.

1. COUNTY COURTS—*No Chancery Powers.*—The County Court has no general chancery jurisdiction or powers, and none are conferred by the act relating to voluntary assignments. In such proceedings it derives its powers solely from the statute.

Podolski v. Sol. Friedman & Co.

2. SAME—*Equity Powers Under the Assignment Act.*—There are certain issues as to which the County Court has chancery powers, which are generally conferred by the assignment act. When property has come into the physical possession of an assignee, under the provisions of said act, County Courts have exclusive jurisdiction and power, primarily, to adjudicate and determine the rights of all parties claiming title thereto or an interest therein, and in all questions relating to the disbursement and distribution of any fund in the hands of the assignee.

3. SAME—*When it Has No Chancery Jurisdiction.*—But where the assignee has never obtained actual possession of the property in question, and where the title to such property is claimed by another, who has possession, so far as physical possession is possible, the County Court has no jurisdiction to adjudicate as to such title.

4. BOOK ACCOUNTS—*Involuntary Assignments.*—Where an insolvent assigns his open accounts to one person, and afterward makes an assignment under the statute, for the benefit of his creditors, to another, the first assignee acquires the equitable title to the accounts, and the possession of them so far as possible, and the legal right to enforce the collection of the same by proceedings at law. The County Court has no jurisdiction to adjudicate as to whether the first assignee's title to the accounts is fraudulent, or to determine the relative rights of the different assignees.

**Proceedings Under the Voluntary Assignment Act.**—Appeal from the County Court of Cook County; the Hon. O. N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded, with directions. Opinion filed October 27, 1899.

JOHN E. KEHOE, JAMES R. WARD and GEORGE HUNT, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellees, Friedman & Co.

A. BINSWANGER, attorney for A. L. Stone, assignee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

S. Levy & Co. made a general assignment for the benefit of creditors, dated May 31, 1898, and which was that day filed in the County Court of Cook County. June 4, 1898, a petition was filed in said court, which was signed "Sol Friedman & Co.," by their attorneys. Such petition states that appellant has property, assets and effects of Levy &

Co. in his possession which should be delivered to the assignee of said Levy & Co., and that appellant is collecting accounts due and owing to Levy & Co. which belong and should be delivered to said assignee. And such petition prays that appellant may be ruled to show cause why he should not deliver said property and assets to said assignee, and that appellant be restrained from disposing thereof or collecting said accounts, etc. Such petition does not state whether said Friedman & Co. are creditors of Levy & Co., or show any grounds for their interference in said matter. Neither is said petition verified.

Upon the filing of said petition the County Court ordered that appellant answer the same. In each step appellant specially limited his appearance and denied the jurisdiction of the County Court in the matter of said petition. He answered denying the statements made in said petition, and verified the same. Said court, after hearing testimony offered by Sol Friedman & Co., did "order, adjudge and decree" that appellant "forthwith surrender and deliver" the accounts in question to said assignee. From that decree appellant has prosecuted this appeal.

It will not be seriously contended but that, under said petition and answer thereto, and the testimony heard by the County Court, a question is presented which can be determined only by the application of chancery rules by a court exercising chancery jurisdiction. The County Court has no general chancery jurisdiction or powers, and none are conferred by the assignment act. Ide v. Sayer, 129 Ill. 230, 235; Preston v. Spaulding, 120 Ill. 208, 232; Atlas Nat. Bank v. More, 152 Ill. 528, 538.

"The County Court, proceeding under the assignment act, derives its powers solely from the statute." Hooven v. Burdette, 153 Ill. 672, 681.

There are certain issues as to which the County Court has chancery powers, which are specially conferred by the assignment act. When property has come into the physical possession of an assignee under the provisions of said act, that court has exclusive jurisdiction and power, primarily, to adjudicate and determine the rights of all parties

claiming title thereto or an interest therein. That is the principle upon which the leading case of Hanchett v. Waterbury, 115 Ill. 220, was decided. In that case, as in the prior case of Freydendall v. Baldwin, 103 Ill. 329, the property was in the actual physical possession of the assignee. The County Court has such jurisdiction, also, as to the disbursement and distribution of any fund in the hands of the assignee.

But where the assignee has never obtained actual possession of the property in question, and where the title to such property is claimed by another, who has possession thereof, so far as physical possession is possible, the County Court has no jurisdiction in a chancery proceeding to adjudicate as to such title. Davis v. Chicago Dock Co., 129 Ill. 180, 194; Preston v. Spaulding, 120 Ill. 208.

The property in question in the case at bar (if we may call it property) consists of open or book accounts—choses in action. Of course the assignee could never take physical possession of them. They had been formally assigned to the appellant by the insolvents, and such assignment had been delivered to him before the making of the assignment by reason of which the County Court acquired jurisdiction. The appellant had thus acquired the equitable title to such accounts, and the possession thereof, so far as that was possible, and the legal right to collect the same and to enforce the collection thereof by proceedings at law. Even if the legal title to said accounts was vested in the assignee, as contended by appellee (as to which we express no opinion), that does not change the rights of appellant. Neither does chancery jurisdiction, for that reason, attach, to determine the question as to whether the title of appellant to said accounts is fraudulent and void. It seems to have been understood by counsel, and by the court below, that said accounts were in the possession of appellant, for the decree provides that he shall " surrender and deliver " them to the assignee. The County Court, however, had no jurisdiction to adjudicate as to whether appellant's title was fraudulent, and thus to determine the relative rights of the appellant and the assignee. Davis v. Dock Co., *ante* (p. 194); Pres-

ton v. Spaulding, *ante* (p. 232); Ide v. Sayer, *ante* (129 Ill. 234).

As between the appellant and the insolvents, said assignments of accounts are valid and binding, so far as this record shows their respective rights. It is contended that such assignments are fraudulent. To determine that question is peculiarly within the province and jurisdiction of a court of chancery.

As counsel have argued at length the question of the jurisdiction of the County Court, as though this was a case between the appellant and the assignee, we have thought it proper to consider the case thus far upon that theory. But the assignee is not a party, either in this appeal or in the County Court. The case before this court is upon the Friedman petition. As stated, that petition does not show that the petitioners have any interest in the matter. In so far as the form indicates the forum, it is a chancery proceeding. The prayer is for relief, such as only a court exercising chancery jurisdiction can grant. The order appealed from says that the court doth " order, adjudge and decree." It was heard by the court without a jury, and without the waiving of the right of trial by jury. It is perfectly apparent that court and counsel all regarded it as being a proceeding in chancery. But as that court had no general chancery jurisdiction, and as no jurisdiction or power was conferred upon it by the assignment act to hear and determine any question or issue such as is here presented, that court had no jurisdiction whatever to entertain said petition or to enter the decree to reverse which this appeal is prosecuted.

A motion was presented to this court by appellees to dismiss the appeal. The disposition of that motion was reserved to final hearing. After what we have said it is unnecessary to speak of that motion further. It is denied.

The decree of the County Court entered in said matter the 12th day of July, 1898, is reversed, and the cause remanded with directions to said County Court to set aside said decree and to dismiss said petition without costs to appellant. Reversed and remanded, with directions.