SOLOMON FRIEDMAN *et al.*

*v.*

THEODORE PODOLSKI.

*Opinion filed June 21, 1900.*

JURISDICTION—*when county court cannot exercise chancery powers.* The county court has no general chancery powers, and hence has no jurisdiction to entertain a petition filed, in voluntary assignment, by certain parties to compel a third party to turn over to the assignee accounts of the insolvent which it is alleged such party has in his possession; nor can the court adjudicate as to whether the latter's title to such accounts is fraudulent.

*Podolski* v. *Friedman*, 85 Ill. App. 284, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

The abstract of the record shows the following proceedings in this case: On May 31, 1898, the firm of S. Levy & Co., composed of S. Levy and I. Berkenfield, executed and delivered to A. L. Stone, as assignee, a voluntary assignment for the benefit of creditors. On June 1 following, the bond of the assignee was duly approved. On June 4, 1898, Sol Friedman & Co. filed in the county court their petition, alleging that Theodore Podolski has property, assets and effects of said insolvents in his possession that should be delivered to the assignee herein as his property; that Podolski is collecting accounts due and owing to the insolvents, which should be delivered to the assignee herein and which belong to the assignee. Prayer was made for a rule upon Podolski to show cause why he should not surrender and deliver said property and assets to said assignee; that he be restrained from disposing of said assets or collecting said accounts until the further order of the court, and for general relief. On the same day an order was entered by the court re-

quiring Podolski to answer the petition by June 6, at 9:30 A. M.   On that day Podolski entered a limited appearance, objecting to the jurisdiction of the county court to grant the prayer of the petition, saving and reserving all objections, and praying that the petition may be stricken from the files.   The several grounds of objection stated were, in substance, that the petition failed to show upon its face facts necessary to give the court jurisdiction.   It seems from the bill of exceptions that on that day there was a hearing, defendant insisting that the cause stood upon the petition and demurrer thereto. Counsel for the petitioners inquired: "Do you now file a demurrer to the petition as amended?" To which counsel for defendant answered: "I will allow the original one to stand." Thereupon the court overruled the demurrer, or, as it is termed, plea to the jurisdiction, and entered a rule to answer, and leave was asked on behalf of the defendant to plead instanter.   An answer was thereupon filed by which the respondent still objected to the jurisdiction of the court, specially limiting his appearance for answer.   He denied that he was, at the date of the execution and delivery of the deed of assignment, in possession of or had any property, assets or effects of said insolvents, or any accounts of insolvents; that he had not since, nor at the time of the execution and delivery of the deed of assignment, received any property, assets, effects or accounts belonging to said insolvents, from said insolvents, or either of them, or the assignee, or any one representing them, or either of them, or the assignee; that he was absolute and sole owner on May 28, 1898, of all accounts in his possession, and that the insolvents, on and after that date, had no title or claim thereto, possession thereof or interest therein, in law or equity, wherefore, still protesting, etc., to the jurisdiction of the court, prays to be hence dismissed with costs.   This answer was signed and verified by the affidavit of Podolski. It seems that the filing of this answer was regarded as

presenting an issue in the case, and a trial was then had. The only witness introduced on behalf of the petitioners was the respondent, Theodore Podolski, except that the attorney for the petitioners testified that the petitioners had a claim against the insolvents, S. Levy & Co., amounting to more than $600, which remained unpaid, and this was all the testimony offered by either party in the case.

The court granted the prayer of the petition, reciting in its order that it found all the substantial averments of said petition to be true; that the court had jurisdiction of the defendant and of the subject matter of the petition; that the defendant had accounts in his possession which should be delivered to the assignee, and he was ordered to "forthwith surrender and deliver all accounts by him received from said insolvents, or either of them, due and owing to said insolvents by various customers of said insolvents, to said assignee," and also restrained and enjoined him from collecting or interfering with said accounts. To the entry of this order the defendant duly excepted and prayed an appeal, which was first allowed upon his entering into bond in the sum of $250 within ten days; but this order was subsequently changed, requiring him to give bond not only running to said S. Friedman & Co., but to A. L. Stone, assignee, in the penal sum of $4000, which latter order was complied with and the case removed by appeal to the Appellate Court for the First District. It was there assigned to the branch court, where the order of the county court was reversed and the cause remanded, with directions to dismiss the petition. To reverse that judgment this appeal is prosecuted, A. L. Stone, the assignee, attempting to join in the appeal.

MOSES, ROSENTHAL & KENNEDY, and A. BINSWANGER, for appellants.

JOHN E. KEHOE, and JAMES R. WARD, for appellee.

Per CURIAM: The Appellate Court, by Mr. Justice HORTON, delivered the following opinion as to the law of the case:

"It will not be seriously contended but that, under said petition and answer thereto and the testimony heard by the county court, a question is presented which can be determined only by the application of chancery rules by a court exercising chancery jurisdiction. The county court has no general chancery jurisdiction or powers and none are conferred by the Assignment act. (*Ide* v. *Sayer*, 129 Ill. 230, 235; *Preston* v. *Spaulding*, 120 id. 208, 232; *Atlas Nat. Bank* v. *More*, 152 id. 528, 538.) 'The county court, proceeding under the Assignment act, derives its powers solely from the statute.' *Hooven* v. *Burdette*, 153 Ill. 672.

"There are certain issues as to which the county court has chancery powers which are specially conferred by the Assignment act. When property has come into the physical possession of the assignee under the provisions of the said act, that court has exclusive jurisdiction and power primarily to adjudicate and determine the rights of all parties claiming title thereto or an interest therein. That is the principle upon which the leading case of *Hanchett* v. *Waterbury*, 115 Ill. 220, was decided. In that case, as in the prior case of *Freydendall* v. *Baldwin*, 103 Ill. 325, the property was in the actual physical possession of the assignee. The county court has such jurisdiction, also, as to the disbursements and distribution of any fund in the hands of the assignee, but where the assignee has never obtained actual possession of the property in question, and where the title to such property is claimed by another who has possession thereof so far as physical possession is possible, the county court has no jurisdiction in a chancery proceeding to adjudicate as to such title. *Davis* v. *Chicago Dock Co.* 129 Ill. 180, 194; *Preston* v. *Spaulding*, 120 id. 208.

"The property in question in the case at bar (if we may call it property) consists of open or book accounts,

—choses in action.   Of course, the assignee could never take physical possession of them.   They had been formally assigned to the appellant by the insolvents, and such assignment had been delivered to him before the making of the assignment by reason of which the county court acquired jurisdiction.   The appellant had thus acquired the equitable title to such accounts and the possession thereof so far as that was possible, and the legal right to collect the same and to enforce the collection thereof by proceedings at law.   Even if the legal title to said accounts was vested in the assignee, as contended by the appellee, (as to which we express no opinion,) that does not change the rights of appellant.   Neither does chancery jurisdiction for that reason attach to determine the question as to whether the title of appellant to said accounts is fraudulent and void.   It seems to have been understood by counsel and by the court below that said accounts were in the possession of appellant, for the decree provides that he shall 'surrender and deliver' them to the assignee.   The county court, however, had no jurisdiction to adjudicate as to whether appellant's title was fraudulent, and thus to determine the relative rights of the appellant and the assignee.   *Davis* v. *Dock Co. ante,* (p. 194); *Preston* v. *Spaulding, ante,* (p. 232); *Ide* v. *Sayer, ante,* (129 Ill. 234.)

"As between the appellant and the insolvents, said assignments of accounts are valid and binding, so far as this record shows their respective rights. It is contended that such assignments are fraudulent.   To determine that question is peculiarly within the province and jurisdiction of a court of chancery.

"As counsel have argued at length the question of the jurisdiction of the county court as though this was a case between the appellant and the assignee, we have thought it proper to consider the case thus far upon that theory. But the assignee is not a party, either in this appeal or in the county court.   The case before this court is upon

the Friedman petition. As stated, that petition does not show that the petitioners have any interest in the matter. In so far as the form indicates the forum, it is a chancery proceeding. The prayer is for relief such as only a court exercising chancery jurisdiction can grant. The order appealed from says that the court doth 'order, adjudge and decree.' It was heard by the court without a jury and without the waiving of the right of trial by jury. It is perfectly apparent that court and counsel all regarded it as being a proceeding in chancery; but as that court had no general chancery jurisdiction, and as no jurisdiction or power was conferred upon it by the Assignment act to hear and determine any question or issue such as is here presented, that court had no jurisdiction whatever to entertain said petition or to enter the decree to reverse which this appeal is prosecuted."

We have carefully considered the extended arguments filed in this court on behalf of the respective parties, and concur in the foregoing views of the Appellate Court.

Manifestly, the petition upon which this whole proceeding must rest was insufficient to give the court jurisdiction, and the demurrer thereto should have been sustained. Treating the answer as waiving the demurrer, still it was wholly insufficient to give the court jurisdiction to render the decree made thereon. A. L. Stone, the assignee, was not a party to the proceeding in the county court or Appellate Court, and is improperly joined as an appellant in this court. Moreover, the testimony of defendant, who was introduced as the witness of petitioners, disproved every material allegation of the petition, and, as above stated, no other evidence was offered in support of these allegations. As shown by the bill of exceptions the court did not believe his evidence, and it is not for us to say that it was bound to do so; but his evidence being discredited, there was nothing upon which to base the decree except the naked allegations of the petition, and therefore, aside from the rule which denies

to a party the right to question the truthfulness of a witness introduced by himself, we are at a loss to perceive how it can be said that there is evidence in this record to support the decree of the county court. In any view of the case the judgment of the Appellate Court is correct and must be affirmed.          *Judgment affirmed.*